```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BEHROOZ KANANI,

                    Petitioner,              03 Civ. 2534 (PKC)

        -against-                             MEMORANDUM AND
                                              ORDER ADOPTING REPORT
                                              AND RECOMMENDATION
WILLIAM PHILLIPS, Acting
Superintendent, Green Haven Correctional
Facility,

                    Respondent.
------------------------------------------------------------x
```

P. KEVIN CASTEL, District Judge:

    On April 11, 2003, petitioner Behrooz Kanani filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner had been convicted in Supreme Court, New York County, of twelve counts of first degree sodomy. The evidence established that the victims were petitioner's two daughters, each under the age of twelve when the sexual abuse began. While petitioner was nominally sentenced to twelve consecutive terms of 8 1/3 to 25 years imprisonment, New York Law Penal Law § 70.30 deems the sentence to be a single term of 25 to 50 years.

    On May 7, 2004, I referred the petition to Chief Magistrate Judge Andrew J. Peck for a report and recommendation. Magistrate Judge Peck issued a Report and Recommendation ("R&R") dated October 13, 2004, recommending that the habeas petition be denied. Petitioner subsequently filed objections. Having undertaken a <u>de novo</u> review of petitioner's objections and the record before me, which includes the trial transcript, I find Magistrate Judge Peck's R&R to be well-reasoned and thoroughly grounded in law. As such, I adopt it in full.

Petitioner took the stand in his own defense and, on direct examination, endeavored to explain away letters he had written while incarcerated which asked for forgiveness and contained such damning lines as: "How can I see you, meaning my children after so many years in the witness stand describing my shameful acts[?]" (Trial Tr. 1109) One of petitioner's letters states "it was always my intention to admit my mistakes, to deal with its embarrassing shame and to offer genuine apologies." (Id. 1158) In the context of all other evidence in the case, the jury did not accept petitioner's convoluted explanations of his apparent admissions.

1. <u>Expert Testimony.</u> The petition asserts that Mr. Kanani was denied due process because the trial court excluded testimony from a proposed expert witness who would have testified that the recollections of a child may be subject to suggestions placed in the child's mind by adults, including those who conduct an interrogation. In considering the admissibility of expert testimony, New York substantially follows the generally accepted standard set forth in <u>Frye v. United States</u>, 293 F. 1013 (D.C. Cir. 1923).

The trial judge conducted a hearing at which he heard the testimony of the proposed witness, Ralph C. Underwager, who holds a Ph.D. in clinical psychology. Dr. Underwager testified that the memories of both adults and children are "suggestible" but that children are more "suggestible". (Trial Tr. 950-951) He further testified that a recollection that is delayed in disclosure to others tends to be less reliable than one that is promptly disclosed (Id. 952-53) The defense was the proponent of the evidence and, under New York law, bore the burden of persuasion on the admissibility. After hearing direct and cross-examination and argument, the trial judge concluded that the testimony was not admissible. He viewed the points on which the expert testimony would be offered to be "within the

knowledge of common people." (Trial Tr. 987) The trial judge's conclusion, affirmed on appeal, was not unreasonable or contrary to Supreme Court precedent.

2. <u>Prior Consistent Statements.</u> Petitioner argues that prior consistent statements of one of the complaining witnesses were improperly admitted. This, he argues, was improper bolstering of the witness's testimony. But defense counsel in his opening raised the issue of whether the assertions of the complaining witnesses (petitioner's daughters) were the product of suggestive questioning and the influence and pressure from their mother. The prosecution's use of prior consistent statements to rebut a claim of recent fabrication was proper and, for the reasons stated by the Magistrate Judge, provides no basis for habeas relief.

3. <u>Evidence of Uncharged Crimes.</u> Petitioner challenges evidence of uncharged crimes. The defense brought out on cross-examination that the children's mother had not noticed any blood on their underwear, which would be consistent with anal penetration. Over the objection of defense counsel, the prosecutor was allowed to elicit testimony of sexual assaults pre-dating those charged in the indictment as the foundation for testimony that after repeated incidents of sodomy one would not expect to find blood. The judge admitted the testimony of the earlier assaults but gave a limiting instruction. (Trial Tr. 591-92) Other testimony of uncharged crimes relating to a consensual sexual relationship between defendant and a sixteen year old female and blowing marijuana smoke into the face of the complaining witnesses was admitted with appropriate limiting instructions. I adopt the reasoning of the Magistrate Judge that the admission of this evidence was neither error, nor did it deprive petitioner of a fair trial.

4. <u>Retributive Sentencing.</u>  Petitioner had been previously tried and convicted of the same crimes and was sentenced to 33 1/3 to 100 years.  The conviction was overturned on appeal because videotapes of the grand jury appearances of the complaining witnesses had not been produced to the defendant. The retrial was conducted before a different judge. Petitioner now claims that the sentence to a lengthier term of imprisonment after retrial was vindictive and retribution for his successful appeal.   The short answer is that under New York law each of the two sentences is deemed to be for a period of 25 to 50 years. N.Y. Penal Law § 70.30.  I adopt the Magistrate Judge's analysis and conclusion.

5. <u>Ineffective Assistance.</u>  Finally, petitioner argues that he was denied the effective assistance of counsel.  The Magistrate Judge's conclusion that petitioner's claim fails under the standards set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) is well supported in law and fact and is adopted.

To prove that sexual abuse had, in fact, occurred, the prosecution offered evidence that one of the daughters had been infected with chlamydia, a sexually transmitted disease.  As part of my <u>de novo</u> review, I have examined the record relative to the claim that defense counsel was ineffective in not offering evidence of a negative chlamydia test of the defendant or a virology expert on the meaning of a positive chlamydia test of one of the complaining witnesses.  Defense counsel brought out on cross-examination that the prosecution's expert had not tested the defendant for chlamydia.  (<u>Id.</u> 320; 323)  Indeed, the prosecution did not offer a positive chlamydia test of defendant.  While it may be true, as petitioner contends, that a "trace" of chlamydia perpetually remains in an infected person's system, it is an entirely separate question whether that "trace" (presumably antibodies) is detectable under standard testing conditions. (March 17, 2004 letter at "page two")  The

prosecution's expert who was available for cross-examination had undercut any claim that a negative test result excluded the possibility of a prior infection. (Id. 307-08; 323; 1246) The expert testified that whether a person who has once been infected would later test positive would depend upon "how much chlamydia is there, what opportunity for use of antibiotics have been used and how long a duration did this individual have chlamydia . . . ." (Id. at 307) Defense counsel was able to establish that the mother's spouse was left alone with her daughters and that he had not been tested for chlamydia. (Id. 247-48) It was a matter of strategy how to best play the record—or absence of record –with respect to the testing of defendant and the wife's new spouse.

Defense counsel conducted an effective cross-examination of the mother of the complaining witnesses, demonstrating that she was displeased by an effort by defendant to have the daughters attend school in New York rather than near her home in Florida; she also feared than the defendant would try to take the daughters to Iran for their education. (Id. 203-05) This provided a possible motive for the mother to promote false accusations. Defense counsel made some headway in cross-examination of a former paramour (she was aged 16 and defendant was aged 36 at the time of the relationship) who testified that, although she had opportunities to be alone with the complainants, she had no knowledge or "suspiciousness" of improper conduct by the defendant towards the two girls. (Id. 740-41)

Examining both the specific instances of alleged ineffective assistance and the record as a whole, I agree with the Magistrate Judge's reasoning and conclusion.

Conclusion

The Report and Recommendation are adopted in their entirety, and the petition is DENIED. The Clerk is directed to enter judgment in favor of the respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 3, 2005